IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMONT GENTRY FALLS, | | |
| | Plaintiff, | No. CIV S-09-1320 MCE DAD P |
| | vs. | |
| U.S. DEP'T OF JUSTICE, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff is a prisoner at the Federal Correctional Institution (FCI) in Sandstone, Minnesota. Although plaintiff filed his complaint using the form for a civil rights action brought under 42 U.S.C. § 1983, plaintiff is presenting a claim pursuant to the Federal Tort Claims Act.[1]

Plaintiff has also submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $28.28 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

---

[1] In his complaint plaintiff erroneously refers to 25 U.S.C. §§ 1346 and 2671. However, the Federal Tort Claims Act appears at 28 U.S.C. §§ 1346 and 2671.

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint plaintiff contends that on May 1, 2008, when he was transferred from FCI Herlong in California to FCI Sandstone in Minnesota, some of his personal property was lost. Plaintiff calculates that as a result his loss totals approximately $163.56 but that he has been offered only $16.40 in compensation for that loss. Plaintiff seeks compensatory damages of $163.56, plus reimbursement of costs in bringing this action. He names as defendants the U.S. Department of Justice and the Federal Bureau of Prisons.

There are several deficiencies with plaintiff's complaint. First, plaintiff has not named a proper defendant. In a Federal Tort Claims Act (FTCA) action, the United States is the only proper defendant. Hawkins v. USA, No. 1:04-cv-05771-LJO-SMS (PC), 2008 WL 4492183, at *2 (E.D. Cal. Oct. 2, 2008) (citing Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995)). Second, although plaintiff asserts that he was offered some compensation for his loss, he does not allege that he presented a claim to an appropriate federal agency. This court lacks jurisdiction over an action brought under the FTCA unless the claim presentation requirement is satisfied. 28 U.S.C. § 2675(a). Third, it appears that plaintiff's claim is barred by the FTCA's exception for detention of goods by a law enforcement officer. See 28 U.S.C. § 2680(c).[2] Instructive in this regard is the recent decision in Daley v. United States, No. CV 08-0261-TUC-CKJ, 2009 WL 1047930, at *4 (D. Ariz. April 20, 2009), in which the court determined that the plaintiff/prisoner's FTCA claim arising from the loss of his personal property when he was transferred to a federal correctional facility was barred by the exception for

---

[2] Section 2680 of Title 28 U.S.C. provides: "The provision of this chapter and section 1346(b) of this title shall not apply to - - (c) Any claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any other law enforcement officer. . . ."

3

detention of goods by a law enforcement officer.  Relying on the decision in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008), the court was not persuaded by the plaintiff's arguments that his loss was due to faulty policies and protocols and that the detention-of-goods exception does not apply to officers who deliberately steal or destroy private property.  2009 WL at *4.  The court finds the reasoning of the decision in <u>Daley</u> to be persuasive.

Although it is possible for plaintiff to cure some of these noted deficiencies, the court finds that plaintiff would be unable to cure the third deficiency.  Plaintiff's allegation of additional facts cannot provide a cognizable claim for relief given the FTCA's exception for detention of goods by a law enforcement officer.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 13, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $28.28.  All fees shall be collected and paid in accordance with this court's order to the Warden of the Federal Correctional Institution, Sandstone filed concurrently herewith.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2009.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
falls1320.fsc